Ms. Judy Womack, Chair Board of Examiners in Speech-Language Pathology and Audiology 101 East Capitol, Suite 211 Little Rock, Arkansas 72201
Dear Ms. Womack:
This is in response to your request for an opinion concerning certain proposed rules of the Board of Examiners in Speech-Language Pathology and Audiology (the "Board").
Act 826 of 1995 amended the Licensure Act of Speech-Language Pathologists and Audiologists, A.C.A. § 17-100-101 to -308 (Repl. 1995), to provide for "speech-language pathology support personnel" (herein "speech-language assistants"). Act 826, § 1, codified at A.C.A. §17-100-103(9). The Act contemplates that speech-language assistants will render services under the supervision of licensed speech-language pathologists pursuant to regulations promulgated by the Board "regarding the use of speech-language pathology support personnel by practitioners of speech-language pathology. . . ." Act 826, § 2, codified at A.C.A. §17-100-202(b)(2).
You have submitted, as proposed Article XIII of the Board's rules, proposed regulations to implement a regulatory scheme for speech-language assistants that includes a registration requirement, including procedures and minimum qualifications for registration as a speech-language assistant; minimum qualifications for licensed speech-language pathologists who will supervise speech-language assistants; supervision guidelines; auditing of speech-language assistants; fees and penalties; delineation of the scope of practice of speech-language assistants; procedures for the revocation, suspension, or denial of registration; and other matters. A copy of proposed Article XIII, as submitted to this office and reviewed by it, is attached hereto.
You have requested an opinion "regarding whether the proposed rules and regulations comply with Act 826 and meet the intent of the law."
It appears that the only provision of Act 826 that provides guidance to the Board on the content of the rules contemplated by the General Assembly is the definition of the term "speech-language pathology support personnel," which is as follows:
 "Speech-language pathology support personnel" . . . means an individual who holds a bachelor's degree in speech pathology or any other individual who meets minimum qualifications established by the board, which are less than those established by this chapter as necessary for licensing as a speech-language pathologist, and who provides services as prescribed, directed, and supervised by a speech-language pathologist licensed under this chapter.
Act 826, § 1, codified as A.C.A. § 17-100-103(9).
Proposed Article XIII provides that a person must have completed a bachelor's degree in speech-language pathology or a bachelor's degree in "a related field with a minimum of twenty-four (24) semester hours in the field of speech-language pathology" in order to be registered as a speech-language assistant. This portion of the proposed rules appears to be consistent with the definition of "speech-language pathology support personnel," as the definition leaves it to the Board's discretion to prescribe minimum qualifications.
I have also examined the remainder of proposed Article XIII and, in my opinion, particularly in light of the lack of substantive guidance contained in Act 826, nothing in proposed Article XIII is inconsistent with any provision of Act 826, and proposed Article XIII appears to be consistent with the apparent legislative intent behind Act 826.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh